LetIN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| VANESSA ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14-CV-4227-C-DGK-SSA |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff Vanessa Anderson petitions for review of an adverse decision by Defendant, the Acting Commissioner of Social Security ("the Commissioner"). Plaintiff applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434, and supplemental security income under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. An administrative law judge ("ALJ") found Plaintiff had multiple severe impairments, including residuals of C5–7 fusion, fibromyalgia, and obesity, but retained the residual functional capacity ("RFC") to perform work as a counter attendant, photocopy machine operator, or cafeteria attendant. The ALJ thus found her not disabled.

Because the ALJ's opinion is supported by substantial evidence on the record as a whole, the Commissioner's decision is AFFIRMED.

**Background**

A complete summary of the record is presented in the parties' briefs and repeated here only to the extent necessary. Plaintiff filed her applications on August 23, 2011, alleging a disability onset date of January 1, 1994. After the Commissioner denied her applications, Plaintiff requested an ALJ hearing. On April 15, 2013, the ALJ found that Plaintiff was not

disabled.  The Social Security Administration Appeals Council denied her request for review on June 25, 2014, leaving the ALJ's decision as the Commissioner's final decision.  Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. §§ 405(g), 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Bernard v. Colvin*, 774 F.3d 482, 486 (8th Cir. 2014). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision.  *Id.*  In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it.  *Id.*  The court must "defer heavily" to the Commissioner's findings and conclusions.  *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010).  The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome.  *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months.  42 U.S.C. § 423(d)(1)(A).  At Step Four, the only stage at issue here, the ALJ determines whether a claimant, given her RFC, can perform her past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

The ALJ found that Plaintiff retained the RFC to perform light work, with a few modifications. R. at 15–16; *see* 20 C.F.R. §§ 404.1567(b), 416.967(b).[1] Plaintiff challenges the ALJ's RFC formulation. She argues that the ALJ improperly weighed two sets of evidence in formulating her RFC: (1) medical opinions, and (2) her own testimony. Each argument lacks merit.

**I. The ALJ properly weighed the medical opinions.**

Treating physician Toni Almond, M.D. ("Dr. Almond") and treating chiropractor Stephanie Marsden, D.C. ("Dr. Marsden") each completed a physical medical source statement[2] opining that Plaintiff had various work-related, physical limitations. R. at 293–94, 282–83. The ALJ gave each opinion "little weight," R. at 17, 18, and instead relied on other opinions by Drs. Almond and Marsden. Plaintiff argues this was error.

The ALJ must rely on the medical evidence to determine a claimant's RFC. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). "Since the ALJ must evaluate the record as a whole, the opinions of treating physicians do not automatically control." *Bernard*, 774 F.3d at 487. The ALJ may discount or disregard a treating physician's opinion "where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Id.* (internal quotation

---

[1] The Regulations define "light work" in full as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. §§ 404.1567(b), 416.967(b).

[2] A medical source statement "is a form checklist that the [Commissioner] considers when determining whether a claimant is able to perform specific work-related activities." *Perkins v. Astrue*, 648 F.3d 892, 898 (8th Cir. 2011).

marks omitted). Whatever weight the ALJ decides to give a physician's opinion, he must "always give good reasons." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

The ALJ gave four "good reasons" for rejecting Dr. Almond's opinion. First, Dr. Almond's opinion lacks meaningful explanation and discernable support from clinic findings. *See Strongson v. Barnhart*, 361 F.3d 1066, 1070–71 (8th Cir. 2004). For instance, her statement claims that Plaintiff cannot stand more than two hours throughout an eight-hour workday, R. at 293, but Dr. Almond makes no effort to explain the basis for that claim. *Cf.* R. at 286–87, 290–91 (finding Plaintiff had a strong grip, normal reflexes, and a normal gait). Indeed, some of the claims in her medical source statement contradict other reports she authored. *See Bernard*, 774 F.3d at 487. For instance, her medical source statement claims that Plaintiff could never balance due to vertigo, R. at 294, but her treatment notes—including one completed the day before—remark that Plaintiff has repeatedly *denied* experiencing vertigo, R. at 286, 288, 290.

Second, Dr. Almond's opinion is inconsistent with other, better supported medical evidence of record. *See Bernard*, 774 F.3d at 487. Consulting physician William E. Figgins, M.D., found that Plaintiff's limitations were much less restrictive than Dr. Almond found. R. at 61–66. His opinion was much more detailed and well-reasoned than Dr. Almond's.

Third, Dr. Almond's opinion is inconsistent with Plaintiff's self-reporting of her daily activities. *See Whitman v. Colvin*, 762 F.3d 701, 706 (8th Cir. 2014). Dr. Almond believed that Plaintiff could not walk more than two hours in an eight-hour workday. R. at 293. However, Plaintiff testified that she was occasionally able to spend seventy hours per month walking door to door proselytizing for the Jehovah's Witnesses. R. at 44. She indicated that she can walk three miles before needing a rest. R. at 229. Although Plaintiff did not claim she could walk that much *every* day, the ALJ could reasonably find this evidence inconsistent.

Fourth, Dr. Almond's opinion conflicts with the ALJ's observations at the administrative hearing. *See Lamp v. Astrue*, 531 F.3d 629, 632 (8th Cir. 2008) ("While the ALJ's observations cannot be the sole basis of his decision, it is not an error to include his observations as one of several factors."); *Kirby v. Astrue*, 500 F.3d 705, 708 (8th Cir. 2007) (comparing a doctor's observations against the ALJ's observation at the administrative hearing). Dr. Almond stated that Plaintiff could not sit for more than fifteen minutes at a time. R. at 293. However, she sat for well over fifteen minutes at the hearing without any problems. R. at 18.

The ALJ also gave sufficient reasons for discrediting Dr. Marsden's opinion. First, she had only treated Plaintiff once when she filled out the medical source statement, so her opinion deserves less weight. *See Randolph v. Barnhart*, 386 F.3d 835, 840 (8th Cir. 2004). Second, her claims that Plaintiff "often becomes unconscious and falls" and requires a walker "for walking more than around the house," R. at 283, lack an objective medical foundation and do not appear elsewhere in the record. *See id.* Third, her opinion is inconsistent with Plaintiff's self-described physical activities as described above. *See Whitman*, 762 F.3d at 706.

The ALJ relied on many of Drs. Almond's and Marsden's findings to determine Plaintiff's RFC—just not their physical medical source statements. Although Plaintiff views the medical evidence differently, "[i]t is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians." *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001). The Court holds that substantial evidence on the record as a whole supports the ALJ's "good reasons" for rejecting Drs. Almond's and Marsden's statements. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

## II. The ALJ provided several proper reasons for partially discounting Plaintiff's credibility.

To the extent they conflicted with her actual RFC, the ALJ discounted Plaintiff's subjective claims. R. at 18–19. Plaintiff claims the ALJ erred in doing so.

The ALJ must examine the claimant's credibility to properly assess her RFC. *Pearsall*, 274 F.3d at 1217–18. The ALJ must base his credibility findings on the entire record, including the claimant's daily activities. 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i). The district court must defer to the ALJ's credibility findings if supported by good reasons and substantial evidence. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005).

Here, the record supports the ALJ's determination that Plaintiff's subjective complaints of disability, in light of her daily activities, were not credible to the extent alleged. Particularly, her myriad daily activities undercut her claims that she cannot perform more than light work. Plaintiff reported, among other activities: caring for her two- and five-year-old granddaughters, including dressing and feeding them, changing their diapers, and sitting on the floor playing with them, R. at 40–41; walking outside daily, R. at 227; and lifting up to thirty pounds, R. at 229. *See also* R. at 32–33, 43, 44, 224. Cumulatively, these activities undermine Plaintiff's claims that she could not "do substantially all of the[] activities" described in the definition of light work. 20 C.F.R. §§ 404.1567(b), 416.967(b); *see Ramirez v. Barnhart*, 292 F.3d 576, 578, 582 (8th Cir. 2002) (affirming an ALJ's rejection of a claimant's subjective claims that were inconsistent with an RFC of light work).

Because the ALJ's decision regarding Plaintiff's credibility is supported by a "good reason[] and substantial evidence," the Court rejects this argument. *Guilliams*, 393 F.3d at 801.

## Conclusion

Because substantial evidence on the record as a whole supports the ALJ's opinion, the Commissioner's decision denying Title II and XVI benefits is AFFIRMED.

**IT IS SO ORDERED.**

Date: July 17, 2015         /s/ Greg Kays
                            GREG KAYS, CHIEF JUDGE
                            UNITED STATES DISTRICT COURT